His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the 'Court, as follows:
*421 This is an opposition to an administrator’s account, in which opponent claims a vendor’s lien upon certain cows sold as the property of the succession.
That opponent had a claim against the deceased and that his claim was for a considerable amount cannot be doubted, but unfortunately for opponent, his books and accounts were destroyed in the hurricane which swept this city during the month of September last, and the details of the transaction are no longer available.
However, this much is certain; that for 12 or 15 years before his death deceased had been doing business with opponent; that the nature of that business was that opponent supplied deceased with milch cows, and deceased supplied opponent with beef cattle (i. e., dry cows and calves).
It is certain that there was a running account between them, kept by opponent, by which the balance between them (which was always against the deceased) might be established; but in point of fact no such balance was ever exhibited to or approved by the deceased. \
Sometimes cash passed between the parties, but oftener no cash passed. Frequently opponent took off beef cattle, at the same time that he left milch cows; if there was a difference it was settled in cash or carried into the running account aforesaid. Sometimes opponent (when deceased was hard pressed for cash, as he generally was) paid for the beef cattle which he took off, and loaned milch cows to the deceased until such time as the latter felt able to pay for them.
But in the end (according to opponent’s own version) the transactions came to this: that about a year before the death of the deceased, he owed opponent a good sum of money in the aforesaid running account; that during *422 that year opponent delivered at different times to the deceased the eight milch.cows in question, and on each occasion received from the deceased dry or beef cows the value of which opponent credited to the old account thus wiping it out and leaving deceased indebted to opponent for the eight cows last loaned or sold as we may choose to term it.
Opinion and decree, May 29th, 1916.
This is corroborated by the fact that when opponent claimed a lien upon the eight cows, the administratrix (widow of the deceased) raised no objection to his claim, and again when a purchaser applied to her about the sale of the dairy she said to opponent in his presence that the eight cows might be sold along with the rest and opponent would get his money.
On the whole we think that opponent was not paid for the last eight cows and ought to have their proceeds less their proportion of costs. The cows brought $293.00, and their proportion of costs is $60.00, leaving $233.00 for opponent.
It is therefore ordered that the judgment appealed from be reversed as to the opponent, Peter Barbazon, and it is now ordered that he be placed in said account with the rank of vendor’s privilege for the full sum of $233.00 and paid by preference over all other creditors, save law charges, and that the costs of both Courts be paid by the succession.
Judgment reversed.